# THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v. JAMES LANE, APPELLANT.

*New trial in criminal cases — when granted on the ground of newly discovered evidence — Code of Criminal Procedure, sec. 465.*

Upon the trial of the appellant for robbery in the first degree, he was examined in his own behalf and denied positively the commission of the offense, or any participation in it, and claimed to have been at the time of its commission at the residence of his sister at a christening; his testimony as to the latter fact being corroborated by that of several other witnesses called by him. Two police officers called by the people testified to the general bad reputation of the appellant; and one of the officers testified that he would not believe the prisoner under oath. No witnesses as to his good character were called by the appellant.

After his conviction he moved for a new trial, under section 465 of the Code of Criminal Procedure, upon affidavits of persons who were present at or in the vicinity of the robbery at the time it was committed, and who stated positively that the appellant was not one of those engaged in it, and also upon affidavits showing the good character of the appellant. One of the latter affiants stated that he was in court during the trial expecting to be called as a witness as to the character of the defendant, but was not examined for some reason which he did not understand.

*Held,* that although the evidence as to the occurrence itself was cumulative and furnished no ground for granting a new trial, the evidence as to the appellant's good character was not, and that the court erred in not granting the motion. (DAVIS, P. J., dissenting.)

APPEAL from a judgment of conviction of robbery in the first degree and from an order denying a motion for new trial under section 465 of the Code of Criminal Procedure.

*George M. Curtis,* for the appellant.

*John McKeon,* for the respondent.

BRADY, J.:

The appellant was convicted of robbery in the first degree. Upon the trial he was examined on his own behalf and denied positively the commission of the offense or any participation in it, and proved an *alibi*. Several witnesses called on his behalf also testified that, at the time of the commission of the robbery, he was at his sister's residence, where he himself stated he was, and where he went to

attend the festivities consequent upon a christening. In rebuttal, the people called a police officer, who testified that he knew the general reputation of the defendant, that it was bad, and that he would not believe him under oath. The officer also testified as to the bad character of one of the witnesses examined on behalf of the appellant. Captain Petty was also called as a witness in reference to the reputation of the prisoner, and said it was bad. No other witnesses were examined on that subject by the people. No witnesses were called on behalf of the appellant in respect to his good character. After conviction a motion was made for a new trial under section 465 of the Code of Criminal Procedure, upon affidavits of persons who were present, or in the vicinity, at the time the robbery was committed , and who were positive in stating that the appellant was not one of those engaged in it, as they distinctly saw all who were ; and affidavits also showing the good character of the prisoner, who, it may be here observed, is but twenty-one years of age.

It appears from the affidavit of one of the affiants, that he was in court during the trial, expecting to be called as a witness as to the character of the defendant, but was not examined for some reason which he does not understand. Section 465 of the Code of Criminal Procedure, to which reference has already been made, provides, by its seventh subdivision, that a new trial may be granted when it is made to appear by affidavit that upon another trial the defendant can produce evidence such as, if before received, would probably have changed the verdict, if such evidence has been discovered since the trial, is not cumulative, and the failure to produce it on the trial was not due to want of diligence. The evidence as to the occurrence itself must be regarded as cumulative and, therefore, not one of the elements indicated. The element of good character, however, as to which there was no evidence given on behalf of the appellant, was not cumulative. (See *Huebner* v. *Rosevelt*, 7 Daly, 111.)

This court held, in the case of *Clute* v. *Emmerick* (12 Hun, 504), that the error of a counsel in admitting a paper to be immaterial worked an injustice and therefore a new trial should be granted. Hence, there are two features of this case which commend themselves to the consideration of the court, the omission of counsel to call witnesses as to good character and the probable effect of such

proof in answer to the evidence given by two witnesses connected with the police department. The section of the Code provides for a case where a defendant could produce evidence such as, if before received, would probably have changed the verdict. It may be said with very great propriety that, considering the youth of the prisoner, his positive denial of the accusation against him and the evidence relating to the *alibi*, if he had superadded to that, evidence of good character given by persons of respectability, such proof would probably have changed the verdict. Assuming the counsel to have known of the presence of the witnesses for that purpose, and that he omitted to call them, such omission should not act to the prejudice of the appellant.

Motions of this character are addressed to the discretion of the court, and each application must therefore depend upon its distinct characteristics and cannot be said to furnish a precedent. It is not intended, by the view which is taken of the application made to the court below, to encourage applications of this nature, or to establish as a general rule that the omission of counsel to call witnesses upon a vital point in the case shall find favor in applications for a new trial. When, however, it is the conviction of the court of review that injustice has arisen from the incidents of the trial, and the application for a new trial is brought within the provisions of the Code (*supra*), a new trial will be granted without hesitation.

The learned recorder fully considered the motion and delivered an elaborate opinion; but the effect of the proof of good character, in response to the evidence on that subject given by the people, does not seem to have received particular consideration.

It is thought, for these reasons, that the administration of justice demands a new trial.

Ordered accordingly.

DANIELS, J. :

I agree to the conclusion of Mr. Justice BRADY that there ought to be another trial of the indictment against the defendant. Upon the whole case as it is now presented, but which may be very materially changed on the oral examination of the witnesses, there is serious ground for doubt as to his guilt. That will be either removed or confirmed by another trial; and under the circum-

stances justice requires that it should be ordered, for the doubt can be removed in no other way.

DAVIS. P. J. (dissenting):

I cannot concur in the views expressed by my brothers. It is, I think, a very dangerous rule to hold that verdicts in criminal cases may be set aside and new trials ordered on the affidavit of the convicted defendant that, on a new trial, he will be able to produce witnesses of his own good character to contradict witnesses called on the trial to impeach his credibility by showing him to be a man of bad general character.

When the defendant made himself a witness on his own behalf, he, of course, opened the door for the people to attack his credibility by showing his general bad reputation or character. This was a collateral issue, and not one, in my opinion, within the intent and meaning of the 465th section of the Code of Criminal Procedure. To so construe that section as to embrace it, will be a most dangerous inovation in the law governing criminal trials, and will virtually, in every case where the defendant, as a witness, is impeached, or his witnesses are impeached, require that a new trial be ordered on affidavits that witnesses to sustain his or their character can be produced on a new trial.

The new testimony on such a question is cumulative, because it relates to a question on which an issue was necessarily presented and tried, and on which witnesses were examined. The defendant was not surprised, for he had a witness in court on that very issue who, for some unexplained reason, was not called. The reason was doubtless a good one, as explanation would be likely to show. I have carefully read the learned recorder's opinion on the motion, and think the reasons he assigns for denying the motion to be correct, and that they ought to be controlling.

I therefore dissent from the conclusions of my brethren, and concur in those of the recorder.

New trial ordered.